Kristin F. Ruether (ISB # 7914)
Todd C. Tucci (ISB # 6526)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)
kruether@advocateswest.org
ttucci@advocateswest.org

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

**WESTERN WATERSHEDS PROJECT**,

Plaintiff,

v.

**BUREAU OF LAND MANAGEMENT** and **U.S. DEPARTMENT OF THE INTERIOR**,

Defendants.

**Civ. No. 13-397**

**COMPLAINT**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., to compel the Bureau of Land Management ("BLM") and the U.S. Department of the Interior ("USDOI"), to produce documents and records that Plaintiff Western Watersheds Project requested more than two years ago concerning three Resource Management Plans.

2. Western Watersheds Project, an Idaho not-for-profit corporation, requested the documents and records that are the subject of this lawsuit to further its objective of informing the

public about various ways in which government activities and operations affect wildlife resources, in particular the Greater sage-grouse.

3. Western Watersheds Project requested the subject records in three FOIA requests submitted on March 15, 2011. To comply with FOIA's requirement that responsive documents be produced within 20 working days of receiving a request (except in certain circumstances not applicable here), BLM should have produced the information requested by no later than April 4, 2011.

4. As of the date of the filing of this Complaint, Western Watersheds Project has only received a small fraction of responsive documents requested in the FOIA requests.

5. In this civil action, Western Watersheds Project seeks a court order (1) declaring that Defendants' failure to adequately respond to Western Watersheds Project's request for documents and records violates the FOIA and the Administrative Procedures Act ("APA"), (2) declaring that Defendant USDOI's failure to make a timely determination on WWP's administrative appeal within the statutory time period violates the FOIA and the APA, and (3) enjoining BLM to immediately produce the requested records. 5 U.S.C. § 552(a)(4)(B).

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), as well as under 28 U.S.C. § 1331 because this action arises under the FOIA, the APA, 5 U.S.C. § 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because Plaintiff Western Watersheds Project's principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims herein occurred within this

judicial district.

**PARTIES**

8. Plaintiff WESTERN WATERSHEDS PROJECT, INC. ("WWP") is a regional, membership, not-for-profit conservation organization with over 1,300 members, dedicated to protecting and conserving the public lands and natural resources of watersheds in the American West. WWP is headquartered in Hailey, Idaho, and also has staff in Boise, as well as other western states.

9. The mission of WWP is to protect and restore western watersheds and wildlife through education, public policy initiatives and litigation. The group works to influence and improve public lands management throughout the West, with a primary focus on the negative impacts of livestock grazing on western public lands.

10. Through agency proceedings, public education, scientific studies, and legal advocacy conducted by its staff, members, volunteers, and supporters, WWP is actively engaged in protecting and improving riparian areas, water quality, fisheries, wildlife habitat, and other natural resources and ecological values of western watersheds.

11. To further its mission, WWP regularly acquires information regarding federal programs and activities through the federal Freedom of Information Act. WWP then compiles and analyzes that information and disseminates it to its membership, the general public, and public officials through publications, reports, email alerts, its website and newsletter, general news media coverage, and public presentations. WWP's successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. WWP also uses the information that it acquires through FOIA to participate in

federal decision making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws. WWP and its members are directly injured by BLM's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress that injury. WWP brings this action on behalf of itself, its staff, and its members.

12. Defendant BUREAU OF LAND MANAGEMENT is an independent agency of the U.S. Department of Interior, and has possession of and control over the records WWP seeks. As a federal agency, BLM is obligated to comply with the mandatory requirements of FOIA and is sued in this action in connection with its failure to comply with its statutory duties under the FOIA.

13. The U.S. DEPARTMENT OF THE INTERIOR is an agency or instrumentality of the United States. It has responsibility for adjudicating appeals of adverse FOIA determinations made by BLM. As a federal agency, USDOI is obligated to comply with the mandatory requirements of FOIA and is sued in this action in connection with its failure to comply with its statutory duties under the FOIA.

**FOIA**

14. FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). As the Supreme Court has affirmed, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Accordingly, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters*

*Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

15. FOIA requires that federal agencies shall determine within twenty working days after receipt of a request whether to comply with it. 5 U.S.C. § 552(a)(6)(A). *See also* 43 C.F.R. § 2.12(a).

16. In such a determination, the agency "shall immediately notify the [requester] of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not just a statement of a future intent to produce non-exempt responsive documents." *Citizens for Responsibility and Ethics in Wash. v. Federal Election Com'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW v. FEC*").

17. Further, an agency in the determination "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decide to later decide. Therefore, within the relevant time period, the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *CREW v. FEC*, 711 F.3d at 186.

18. The FOIA provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i).

19. An untimely determination or response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. U.S. Dept. of Energy*, 33 F.Supp.2d 1184, 1188

(N.D.Cal. 1998), *Ore. Natural Desert Ass'n v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006).

20. Requesters may appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i), 43 C.F.R. Part 2, Subpart D. An agency shall make a determination with respect to any appeal within twenty working days after the receipt of such appeal. 5 U.S.C. § 552(a)(6)(A)(ii), 43 C.F.R. § 2.32. "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination" pursuant to the FOIA. 5 U.S.C. § 552(a)(6)(A)(ii).

21. In case of specified unusual circumstances, the time limits prescribed in the statute may be extended by written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). *See also* 43 C.F.R. § 2.13. "No such notice shall specify a date that would result in an extension for more than ten working days," except as provided elsewhere in the statute. 5 U.S.C. § 552(a)(6)(B)(i) (emphasis added). "Unusual circumstances" means, "but only to the extent reasonably necessary to the proper processing of the particular requests": the need to search for and collect records from separate offices; the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; or the need for consultation with another agency. *Id.* § 552(a)(6)(B)(iii). "The statutory list of circumstances that permit an agency to extend the 20–working–day timeline to make a 'determination,' including collecting and examining numerous or distant documents, clearly contemplates that the agency must actually gather the responsive documents and determine which it will produce and which it will withhold." *CREW v. FEC*, 711 F.3d at 187.

22. If the agency determines unusual circumstances exist and that the request cannot

be processed within the 10 additional days, it shall notify the requester and "shall provide the person an opportunity to limit the scope of that request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). *See also* 43 C.F.R. § 2.26(c).

23. USDOI's FOIA regulations provide that: "If an extension is necessary and the bureau is unable to respond to your request within 30 workdays, it will notify you in writing when you may expect a final response and advise you of your appeal rights. If an extension is taken and you have not received a response in 30 workdays, you may consider the request denied and file an appeal under § 2.28(a)(3) or file a lawsuit." 43 C.F.R. § 2.13(c).

24. A requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i). *See also* 43 C.F.R. § 2.12(a). In that event, FOIA authorizes the requester to sue the agency in federal court. 5 U.S.C. § 552(a)(4)(B).

25. Upon taking office, President Obama reaffirmed the importance of providing government records to the public under FOIA, echoing the words of Congress and the Supreme Court that "[a] democracy requires accountability, and accountability requires transparency" and emphasizing that FOIA "should be administered with a clear presumption: In the face of doubt, openness prevails." Memorandum of President Obama Regarding FOIA (Jan. 21, 2009).

**STATEMENT OF FACTS**

26. On March 15, 2011, WWP submitted to BLM three requests for records under FOIA. BLM subsequently assigned the FOIA requests tracking numbers CA-2011-199/EFTS BLM-2011-00600, CA-2011-200/EFTS BLM-2011-00601, and CA-2011-201/EFTS BLM-2011-00602, and later combined the three requests under one tracking number, BLM-2011-

00600. The requests asked for documents regarding the Resource Management Plans ("RMPs") for the California BLM's Eagle Lake, Surprise, and Alturas Field Offices, respectively, in order to further public understanding of the development of the RMPs and the underpinnings of how the subject lands and resources were being managed. RMPs govern management of BLM public lands. The three field offices are home to important populations of Greater sage-grouse.

27. The FOIA requests included requests for fee waivers.

28. The statutory 20-day time period for BLM's response to the subject FOIA requests closed on or about April 4, 2011.

29. On June 7, 2011, almost three months after submission of the FOIA requests, WWP emailed Kathleen Christian, the FOIA Coordinator for BLM's California State Office, and the individual field offices, asking to be advised of the status of the requests. WWP received three automatically-generated responses.

30. On June 10, 2011, Ms. Christian responded by email. The response provided tracking numbers for the three FOIA requests and stated:

> A status letter i[s] in preparation regarding our current backlog of FOIA requests. We are to process FOIA requests on a first-in, first-out basis, in three consecutive processing tracks: simple, normal, and complex requests. Based on the volume of material requested, your requests have been placed in our 'complex' processing track. The California State Office currently has 25 requests received prior to yours, 8 of which are in the 'complex' track. We will work to provide your [sic] a more detailed status update.

*Id.*

31. After an additional year went by with no substantive response, on July 13, 2012, WWP submitted an appeal to the Department of the Interior (Appeal No. 2012-138). That appeal challenged BLM's failure to provide any determination or final response, failure to provide any date by which it expected to make a determination or final response, failure to

inform WWP of its appeal rights, failure to decide whether to grant WWP's request for a fee waiver, and failure to produce any documents.

32. By three almost-identical letters dated August 16, 2012, BLM informed WWP that it "will comply with your request" for each of the three FOIA requests, that "[b]ecause of the voluminous nature of your request, we intend to release responsive records to you on a rolling basis and anticipate making our first release shortly," and that "[u]pon our final production of records, you will receive a letter that will include information regarding your appeal rights."

33. BLM's letters did not inform WWP of its appeal rights, or state whether WWP would receive all the documents it sought, the scope of the documents that BLM would produce, or the scope of the documents that BLM planned to withhold under any FOIA exemptions. Nor did BLM inform WWP as to whether its fee waiver was granted, notify WWP as to when it could expect a final response on its requests, or produce any documents.

34. Also by three nearly-identical letters dated August 16, 2012, USDOI FOIA Appeals Officer Darrell R. Strayhorn informed WWP that she understood that BLM had informed WWP that it "will comply with the FOIA request and release responsive records <u>shortly</u> on a rolling basis." (emphasis added). The letters continued, "[i]n light of this development, the issue you raised in the appeal of the BLM's failure to respond to the request has been resolved. Accordingly, the Department has closed its file on this matter."

35. Several more months went by with no response. After further follow-up to the FOIA Appeals Office, WWP finally received its first small installment of documents from BLM by mail dated December 13, 2012. A cover letter stated that "[w]e will provide additional materials in intervals of <u>not more than three weeks</u>," and that "[b]ased on the large volume of records, <u>we estimate a completion date of May 17, 2013</u>. However, we will endeavor to complete

our response more quickly if possible." (emphases added).

36. Another small installment was produced on January 14, 2013. The materials provided in these two installments consisted largely of either materials from third parties such as copies of protest letters, or publicly available research papers and conservation planning documents.

37. On April 1, 2013, WWP emailed BLM a letter reviewing the delays, explaining that "two years after the FOIA requests, WWP has still received very few documents," and asking that BLM "[p]lease provide WWP with an update and further, substantive installments immediately." No response was received.

38. On April 16, 2013, WWP emailed BLM, asking if it received the April 1 letter, and asking for a response. No response was received.

39. On April 25, 2013, WWP emailed BLM, again asking if it received the April 1 letter, and asking for a response. No response was received.

40. By letter dated May 1, 2013 and mailed the next day, BLM sent WWP another small installment of documents, consisting of: assorted protests of the RMP decisions, various papers cited in the RMPs, the three Biological Assessments, and the three publicly-available draft and proposed RMPs. The cover letter stated: "Additional materials are under review and non-exempt records will be produced as they are processed. With our next interim release we intend to provide, to the extent possible, the scope of the remaining documents we will produce and the exemptions we expect to claim with respect to any withheld documents."

41. On May 6, 2013, not having yet received the May 1 letter and installment, WWP emailed BLM, again asking if it received the April 1 letter, and asking for a response.

42. On May 6, 2013, Ms. Strayhorn responded to WWP, stating, in relevant part:

[BLM] has additional records that are under review for a release determination. Additionally, the BLM has confirmed for the Department that by May 17, 2013, it will send you a letter outlining information concerning the remaining responsive documents that it has, e.g., the exemptions, if any, it is invoking to withhold any of the materials. The BLM has also advised the Department that it intends to provide an additional set of responsive materials with that letter. However, since the requests seek voluminous amounts of materials, the BLM will still have additional records that it needs to process (i.e., copy, redact, and otherwise prepare the materials for release). The BLM will make releases of the non-exempt portions of these additional records every two to three weeks until the processing is complete and it anticipates that it has three to four more releases of materials to make.

(Emphasis added).

43. On May 17, 2013, BLM sent WWP a letter stating, in relevant part:

At this time no final determinations have been reached whether any material is exempt from release; however an initial survey of these records has been completed to identify for you the quantity and nature of the records.

Approximately 23,500 additional pages of material have been identified as potentially responsive to your requests, plus GIS data. Of the 23,500 pages:

•Approximately 10,000 pages are reference material, including some policy, regulations, and statutes. There may be a small amount of internal policy that would require review.

•Approximately, 7,000 pages relate to public scoping, internal and intra-agency coordination, drafts and discussion related to the development and finalization of the RMPs. Of these:

○Approximately 120 pages of public scoping comments and meeting sign-in sheets will need review under exemption 6 of the FOIA, because some contain personal contact information of members of the public who attended scoping meetings or provided scoping comments (prior to the public comment period for the Draft RMPs).

○Approximately 50 pages will require review pursuant to exemptions 3 and 4, because they may contain technical proposals not incorporated into an executed contract, or a contractor's confidential commercial information.

○The remaining material will require review pursuant to the deliberative process privilege of exemption 5, because this set of documents includes internal deliberations and drafts. Much of this material is not deliberative and we are in the process of segregating nondeliberative material and material appropriate for discretionary release. A set of approximately 450 pages has been routed for release approval and review of the remaining documents is underway.

A set of records will be produced in the next week, with subsequent sets to follow in one to two-week intervals.

(Emphases added).

44. On May 22, 2013, BLM sent WWP a small installment consisting mainly of parts of the RMPs, their Records of Decisions, and biological opinions. The cover letter stated that "[a]dditional materials are under review and non-exempt records will be produced as they are processed."

45. On July 1, 2013, WWP emailed Ms. Strayhorn and BLM, explaining that WWP had not received any documents since May 22, 2013, despite BLM's May 17 promise to produce records in one to two week intervals, and requesting an update. No response was received.

46. On July 18, 2013, WWP again emailed Ms. Strayhorn and BLM, requesting an update. No response was received.

47. On July 25, 2013, WWP again emailed Ms. Strayhorn and BLM, requesting an update. No response was received.

48. On August 14, 2013, WWP again emailed Ms. Strayhorn and BLM, requesting an update. No response was received.

49. Over the course of the nearly two and a half years since the FOIA requests were made, BLM has failed to produce the vast majority of responsive documents. WWP estimates that it has received approximately 10% of responsive documents.

50. Only once, on December 13, 2012, did BLM produce an estimate of when the FOIA response would be completed—on May 17, 2013. However, that date passed nearly four months ago, and still only a fraction of the responsive documents has been received by WWP. BLM has never produced an updated estimated date of completion.

51. None of the correspondence from Defendants has specifically claimed that "unusual circumstances" exist; and even if they did exist, BLM's delays have extended far beyond the ten additional days allowed in such case. 5 U.S.C. § 552(a)(6)(B).

52. None of the correspondence from Defendants has informed WWP of its appeal rights, stated whether WWP will receive all the documents it has requested, informed WWP of the scope of the documents that Defendants will produce, informed WWP as to the scope of the documents that Defendants plan to withhold under any FOIA exemptions, or informed it as to whether its fee waiver has been granted.

53. At no point have Defendants proposed to WWP that WWP limit the scope of its requests in order to avoid further delays in response time, or provide an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request.

54. BLM's failure to provide a full and adequate response to WWP's March 15, 2011 FOIA requests frustrates WWP's pursuit of its objective to educate its members, the public, and decision makers as to the environmental effects of federal government programs and activities.

**FIRST CLAIM FOR RELIEF**
**Violations of FOIA—Inadequate Response**

55. WWP realleges and incorporates by reference all preceding paragraphs.

56. Defendants violated FOIA and USDOI's FOIA regulations in multiple respects by failing to provide WWP with a full and adequate response to its March 15, 2011 FOIA requests, including but not limited to the following.

57. Defendants have failed to inform WWP of its appeal rights, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

58. Defendants have failed to state whether WWP will receive all the documents it sought, or inform WWP of the scope of the documents that Defendants will produce, as well as the scope of the documents that Defendants plan to withhold under any FOIA exemptions, as required by FOIA. *Id.*

59. Defendants have failed to adequately notify WWP as to when it could expect a

final response on its requests, advise it of its appeal rights, or inform WWP as to whether its fee waiver has been granted, as required by FOIA. 43 C.F.R. § 2.13(c), (d).

60. In sum, Defendants have failed to make a timely determination, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i), 43 C.F.R. §§ 2.12(a), 2.21(b).

61. Defendants have failed to notify WWP of any "unusual circumstances" in a notice that also set forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i), 43 C.F.R. § 2.13.

62. Defendants have failed to provide WWP an opportunity to limit the scope of the requests so that they might have been processed within the statutory time limit, or of an opportunity to arrange with the agency an alternative time frame for processing the requests or modified requests, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(ii), 43 C.F.R. § 2.26(c).

63. Defendants have failed to make the records that it has determined to release to WWP promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

64. Defendants have failed to adequately provide an estimated date on which the agency will complete action on the requests, as required by FOIA. *Id.* § 552(a)(7)(B)(ii).

**SECOND CLAIM FOR RELIEF**
**Violations of the APA—Inadequate Response**

65. WWP realleges and incorporates by reference all preceding paragraphs.

66. Defendants' failure to make a determination on WWP's FOIA requests within the mandatory statutory time period and failure to fully release the records requested in WWP's FOIA requests constitutes agency action unlawfully withheld and unreasonably delayed, and is therefore actionable pursuant to 5 U.S.C. § 706(1).

67. Alternatively, Defendants' decision not to make a determination within the

mandatory statutory time period and decision not to fully release the public information requested in WWP's FOIA requests is in violation of the FOIA and therefore arbitrary, capricious, an abuse of discretion, and not in accordance with law, and therefore is actionable pursuant to 5 U.S.C. § 706(2).

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA—USDOI Appeal**

68. WWP realleges and incorporates by reference all preceding paragraphs.

69. Defendant USDOI violated FOIA and USDOI's FOIA regulations in multiple respects by failing to adequately respond to WWP's July 13, 2012 FOIA appeal, including but not limited to the following.

70. Defendant USDOI failed to make a timely determination on WWP's appeal within the statutory time period, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), instead simply dismissing the appeal based on an inadequate response and inaccurate assurances from BLM.

71. Defendant USDOI failed to notify WWP of the provisions for judicial review of its determination of the appeal, as required under FOIA. *Id*.

**FOURTH CLAIM FOR RELIEF**
**Violations of the APA— USDOI Appeal**

72. WWP realleges and incorporates by reference all preceding paragraphs.

73. Defendant USDOI's failure to make a timely determination on WWP's appeal within the statutory time period, instead simply dismissing the appeal based on an inadequate response and inaccurate assurances from BLM, constitutes agency action unlawfully withheld and unreasonably delayed, and is therefore actionable pursuant to 5 U.S.C. § 706(1).

74. Alternatively, Defendant USDOI's decision not to make a timely determination on WWP's appeal within the statutory time period, instead simply dismissing the appeal based

on an inadequate response and inaccurate assurances from BLM, is in violation of the FOIA and therefore arbitrary, capricious, an abuse of discretion, and not in accordance with law, and therefore is actionable pursuant to 5 U.S.C. § 706(2).

**REQUEST FOR RELIEF**

WHEREFORE, WWP requests that this Court:

A. Declare that Defendants' failure to provide WWP with a full and adequate response to WWP's March 15, 2011 FOIA requests, including their failure to timely make a determination and produce all records requested, is in violation of the FOIA, 5 U.S.C. § 552(a)(6); constitutes agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1); and/or is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, 5 U.S.C. § 706(2).

B. Declare that Defendant USDOI's failure to make a timely determination on WWP's appeal within the statutory time period is in violation of the FOIA, 5 U.S.C. § 552(a)(6); constitutes agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1); and/or is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, 5 U.S.C. § 706(2).

C. Order Defendants to immediately and fully provide WWP with any and all remaining agency records responsive to WWP's March 15, 2011 FOIA requests, 5 U.S.C. § 552(a)(4)(B), including any and all such records that would be responsive as of the date of such court order.

D. Award WWP its reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action, under the FOIA, 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), and all other applicable authorities.

E. Grant such other and further relief as the Court deems just and proper.

Dated: September 9, 2013

Respectfully submitted,

s/ Kristin F. Ruether

____________________

Kristin F. Ruether
Attorney for Plaintiff